■ In the Matter of the Arbitration between DORIS ALLEN, Respondent, and NEW YORK STATE et al., Appellants. CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., as Party in Interest.—In a proceeding, *inter alia,* to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Richmond County, dated April 12, 1979, which granted the application. Judgment reversed, on the law, without costs or disbursements, arbitrator's award reinstated and proceeding dismissed. The arbitrator did not exceed his powers in permitting the State, at the outset of the hearing, to amend

the penalty sought to be imposed. Although the collective bargaining agreement did not specifically empower the arbitrator to permit amendment of the proposed penalty, it did provide the arbitrator with broad discretion in fashioning the appropriate penalty once a finding of misconduct was made. Since the arbitrator could have imposed the penalty of termination at the conclusion of the hearing, it cannot be said that by allowing such amendment at the commencement of the hearing, he construed the contractual provisions in such an irrational manner as to warrant our setting aside the award. Furthermore, the statements which were submitted to the arbitrator after the close of the hearing were at most corroborative and cumulative. While prejudice is claimed, none has been shown. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.